UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY LEWIS MITCHELL,

     Petitioner,

                                  Case No. 2:20-cv-226

v.

                                    HON. JANET T. NEFF

ERICA HUSS,

     Respondent.

_____/

**<u>OPINION AND ORDER</u>**

Now pending before the Court are Petitioner's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 8). The Magistrate Judge's Report and Recommendation recommended that Petitioner's habeas corpus petitioner be denied and a certificate of appealability be denied (ECF No. 7). For the reasons that follow, the Court approves and adopts the Magistrate Judge's Report and Recommendation, and the Objections are denied.

The Court only provides de novo review to those portions of a report and recommendation to which clear and specific objections are raised. FED. R. CIV. P. 72(b)(3); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*); Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) ("De novo review of a magistrate judge's recommendation is required only where the objections filed were not frivolous and only applies to factual disputes."). Additionally, new arguments or circumstances raised for the first time in the objections will not be considered. *See Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing and quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Petitioner argues that the Magistrate Judge mischaracterized ground two of his habeas corpus claim, stating that he was in fact induced to plea under false pretenses, not by counsel, but by the plea hearing judge, "the sentencing court made commitments . . . that went unfulfilled" (ECF No. 8 at PageID.459-460).[1]

Ground two of Petitioner's habeas claim states that

Petitioner understood the plea offer to include jail credit to go towards Petitioner's felony firearm conviction which was agreed upon in open court during the plea phase which lead [sic] this Petitioner to forgo going to trial. But this jail credit was withdraw [sic] at the sentencing phase.

(ECF No. 1 at PageID.7).[2]  To the extent the judge plea hearing misstated Petitioner's jail credit time (ECF No. 610 at PageID.289), the Report and Recommendation addressed Petitioner's claim and concluded that the claim was frivolous because Petitioner reviewed, accepted, and signed the Settlement Offer and Agreement, which did not mention credit for time served, and Defendant stated he understood the Agreement at his plea hearing (ECF No. 7 at PageID.447, 454; ECF No. 6-13 at PageID.360-363; ECF No. 6-13 at PageID.351, 370-371).

Moreover, the Magistrate Judge correctly noted that the Petitioner did not timely move to withdraw his guilty plea, or even move to withdraw the plea at sentencing.  Instead, Petitioner waited more than six months after sentencing to raise the issue.  Petitioner also failed to put on record a valid reason for failing to move to withdraw his plea earlier in the proceedings.  The unjustified delay alone supports the denial of a motion to withdraw a guilty plea.  *See, e.g.*, *United States v. West*, 191 F. App'x 373, 376 (6th Cir. 2006).

Petitioner's final two objections are similarly meritless. Petitioner claims that he need not

---

[1]  The plea hearing judge incorrectly told Petitioner he would receive credit for the time he was awaiting sentencing, which amounted to 25 days.

[2]  Contrary to Petitioner's argument, the plea hearing judge is not a party to a plea agreement and did not offer any consideration for Petitioner's plea.

show he was prejudiced by the plea and that a certificate of appealability should not be denied, where a judge "breached a plea agreement" (ECF No. 8 at PageID.462-463).

This Court is not obligated to revisit arguments that were already raised and thoroughly addressed by the Report and Recommendation.  The Magistrate Judge cogently stated that Petitioner cannot credibly state that he would have preferred to go to trial where he was at risk "of life imprisonment without parole, a substantial risk of multiple life sentences, and a near certainty of 3 or 4 mandatory 25-year minimum sentences that could have been ordered to be consecutive, providing a potential 50-year minimum" (ECF No. 7 at PageID.456).  The habeas corpus petition must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Objections (ECF No. 8) are **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Habeas Corpus Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.


Dated:  July 12, 2022                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge